United States District Court
Southern District of Texas
**ENTERED**
March 04, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| ARVID R. SMITH, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:24-cv-00345 |
| | § | |
| UNITED STATES, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

This case has been referred to me for an initial scheduling conference. *See* Dkt. 4. In reviewing this case, I see several problems that need addressing.

The first problem concerns service. "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). This case was filed on November 27, 2024. An initial scheduling conference is currently set for March 5, 2025. More than 90 days have passed since this lawsuit was filed and no defendant has been served.

The second problem concerns representation. The plaintiff in this case is Arvid Smith. But Arvid Smith did not institute this action. Rather, Arvid Smith's wife, Abby Smith, filed a complaint in Arvid Smith's name as his "Power of Attorney." Dkt. 1 at 1. It is admirable that Mrs. Smith is looking out for her husband's interests, but the law does not permit her to act as his attorney. "It is axiomatic that an individual may proceed *pro se* in civil actions in federal court but it is equally certain that those not licensed to practice law may not represent the legal interests of others." *Acevedo v. U.S. R.R. Ret. Bd.*, No. B: 17-cv-216, 2018 WL 1363491, at *1 n.1 (S.D. Tex. Feb. 8, 2018) (cleaned up) (refusing to consider a husband's claims made on his wife's behalf); *see also Aduddle v. Body*, 277 F. App'x

459, 462 (5th Cir. 2008) ("As a non-lawyer, Aduddle may not represent the interests of [his granddaughter] on a pro se basis, even assuming that he is her legal guardian."); *Monroe v. Smith*, No. C-10-401, 2011 WL 2670094, at *2 (S.D. Tex. July 6, 2011) ("Because plaintiff is not an attorney, he cannot represent his wife's interests in this action.").

The final problem is Mrs. Smith's motion to appoint counsel for Mr. Smith. *See* Dkt. 11. Because Mrs. Smith cannot represent Mr. Smith's interests, the motion is not properly before this court and must be denied. *See Aduddle*, 277 F. App'x at 462 (denying appellant's motion for appointment of counsel for his granddaughter after finding that appellant could not represent his granddaughter as a pro se plaintiff).

**I will give Mr. Smith an additional 30 days, until Thursday, April 3, 2025, to serve defendants and secure his own counsel (or satisfy the court that he will prosecute his case on his own behalf instead of having Mrs. Smith do it for him). But Mr. Smith should be warned: failure to serve defendants and either appear himself or through counsel will result in the dismissal of this case.**

SIGNED this 4th day of March 2025.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

2